IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EVERETT DONOVAN WILLIAMS, | : | Civil No. 3:25-cv-1257 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN, FCI-ALLENWOOD LOW, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Everett Donnovan Williams ("Williams") initiated the above-captioned action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") revoked his First Step Act ("FSA") time credits and improperly removed him from Residential Reentry Center ("RRC") placement. (Doc. 1). For the reasons that follow, the Court will dismiss the petition as moot.

I.  **Background**

Williams was sentenced to a 324-month term of imprisonment imposed by the United States District Court for the Southern District of Florida for his conviction of conspiracy to import five kilograms or more of cocaine into the United States and conspiracy to possess with intent to deliver five kilograms or more of cocaine. (Doc. 7-3, Public Information Inmate Data). Williams is currently designated to the Residential Reentry Management Miami ("RRM Miami") in Miami, Florida. (Doc. 7-2, Declaration of BOP Attorney Austin Langon ("Langon Decl.") ¶ 3; Doc. 7-6, BOP Inmate Locator).

In his § 2241 petition, Williams alleges that he is entitled to earned time credits under the FSA, and he requests immediate placement in prerelease custody. (Doc. 1, at 2, 6-7). Respondent filed a response, arguing that the § 2241 petition must be dismissed as moot because Williams has been transferred to an RRC. (Doc. 7). The petition is ripe for disposition.

II.    Discussion

This Court had jurisdiction to consider Williams' habeas petition at the time it was filed because Williams "may resort to federal habeas corpus to challenge a decision to limit his RRC placement." *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3d Cir. 2005)). However, Williams' placement in an RRC now renders his habeas petition moot because this Court could not provide redress for any injury Williams may have suffered. *See Buczek v. Maiorana*, 526 F. App'x 152, 153-54 (3d Cir. 2013) ("We agree with the District Court that Buczek's transfer to an RRC rendered his habeas petition moot. Even if the District Court were to render a decision in Buczek's favor regarding RRC placement, it could provide no redress for any injury that Buczek may have suffered from the Bureau of Prisons' action.") (internal citation omitted).

A party can overcome mootness if he can demonstrate "collateral consequences." *See Chong v. Dist. Dir. Immigration and Naturalization Serv.*, 264 F.3d 378, 384 (3d Cir. 2001) (noting exception to mootness doctrine where secondary or "collateral" injuries

2

survive after resolution of the primary injury). Williams was put on notice regarding the mootness of his petition by Respondent's answer, and he had an opportunity to address this issue and present arguments on his behalf in a reply. Williams chose not to file a reply and failed to present any "collateral consequences" to overcome the mootness of his habeas petition. Therefore, the habeas petition will be dismissed as moot.

### III. Conclusion

Consistent with the foregoing, the Court will dismiss the § 2241 habeas petition as moot. (Doc. 1). A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October 27, 2025